**MAYER BROWN LLP**
DANIEL D. QUEEN (SBN 292275)
dqueen@mayerbrown.com
350 South Grand Ave., 25th Floor
Los Angeles, CA 90071-1503
Telephone: (213) 229-9500

*Counsel for Defendant 3M Company*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ATASCADERO MUTUAL WATER COMPANY, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>3M COMPANY; E. I. DUPONT DE NEMOURS AND COMPANY; THE CHEMOURS COMPANY; CORTEVA, INC.; DUPONT DE NEMOURS INC.; and DOE DEFENDANTS 1-100, inclusive,<br><br>Defendants. | Case No. 21-CV-8875<br><br>California State Court Case No. 21CVP-0274<br><br>**DEFENDANT 3M COMPANY'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441**<br><br>**JURY TRIAL DEMANDED** |

Defendant 3M Company ("3M"), by and through undersigned counsel, hereby gives notice of removal of this action, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, from the Superior Court of the State of California in and for the County of San Luis Obispo, to the United States District Court for the Central District of California. As grounds for removal, 3M states as follows:

# BACKGROUND

1. This action was filed on October 15, 2021, in the Superior Court of the State of California in and for the County of San Luis Obispo, bearing case number 21CVP-0274. (Ex. A, Complaint).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(2) and 1441(a) because the Superior Court of the State of California in and for the County of San Luis Obispo is located within the Central District of California, Western Division.

3. Under 28 U.S.C. § 1446(b), this Notice of Removal must be filed within 30 days of the service upon 3M of the complaint and summons. Plaintiff has not served 3M as of this date. Accordingly, removal is timely.

4. No other process, pleadings, or orders have been served on 3M in this action.

5. In accordance with 28 U.S.C. § 1446(b)(2)(A), 3M is not required to obtain the consent of the other named defendants to removal of this action because, on information and belief, none of the other named defendants have yet been served. *See* 28 U.S.C. § 1446(b)(2)(A) (providing that all defendants "who have been properly joined *and served* must join in or consent to the removal of the action" when removal is based solely on 28 U.S. Code § 1441 (emphasis added)); *see also, e.g.*, *Baiul v. NBC Sports, A Division of NBCUniversal Media, LLC*, 732 F. App'x 529, 530-31 (9th Cir. 2018) (defendants who are not properly served need not join in or consent to removal).[1]

---

[1] The other defendants named in the caption of the complaint are E. I. du Pont de Nemours and Company ("DuPont"), Du Pont de Nemours Inc. ("New DuPont"), Corteva, Inc. ("Corteva"), and The Chemours Company ("Chemours"). In addition, although the caption of the complaint does not include any other named defendants, the body of the complaint (in ¶ 19) identifies The Chemours Company FC, LLC as an additional defendant. Upon information and belief, The Chemours Company FC, LLC has not been served, and thus its consent to removal would not be required even if it were deemed a defendant in the case. The consent of the unnamed "Doe

6. Plaintiff generally alleges that Defendants designed, manufactured, marketed, distributed, and sold per- and polyfluoroalkyl substances ("PFAS") that allegedly have contaminated Plaintiff's water supplies, water systems, production and distribution infrastructure, and other resources and property. (*E.g.*, Compl. ¶¶ 1-10).

7. Plaintiff asserts claims for negligence (*id.* ¶¶ 172–81), trespass (*id.* ¶¶ 182–92), strict product liability (design defect) (*id.* ¶¶ 193–204), strict product liability (failure to warn) (*id.* ¶¶ 205–17), public nuisance (*id.* ¶¶ 206–28), private nuisance (*id.* ¶¶ 229–38), recovery of response and remediation costs pursuant to Carpenter-Presley-Tanner Hazardous Substances Account Act (*id.* ¶¶ 239–46), fraudulent concealment of discharge (*id.* ¶¶ 247–61), violation of Cal. Health & Safety Code § 5411 (*id.* ¶¶ 262–64), violation of Hazardous Waste Control Act (*id.* ¶¶ 265–68), violation of Cal. Business & Professions Code § 17200 *et seq.* (*id.* ¶¶ 269–81), and for declaratory (*id.* ¶¶ 282–88) and injunctive (*id.* ¶¶ 289–96) relief, and seeks treble damages for waste (*id.* ¶¶ 297–300) and equitable indemnity (*id.* ¶¶ 301–04).

8. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Superior Court of the State of California in and for the County of San Luis Obispo.

9. By filing a Notice of Removal in this matter, 3M does not waive the rights of any Defendant to object to service of process, the sufficiency of process, jurisdiction over the person, or venue, and 3M specifically reserves the rights of all Defendants to assert any defenses and/or objections to which they may be entitled.

10. 3M reserves the right to amend or supplement this Notice of Removal.

---

Defendants" also is not required for removal. *See, e.g.*, *Gamarra v. ADT, LLC*, 2021 WL 223250, at *3 (C.D. Cal. Jan. 21, 2021).

11. If any question arises as to the propriety of the removal of this action, 3M respectfully requests the opportunity to present a brief and request oral argument in support of removal.

**REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION**

12. Removal here is proper under 28 U.S.C. § 1332, which provides for removal where (1) the amount in controversy exceeds $75,000, exclusive of interest and costs, and (2) the suit is between citizens of different states. *See, e.g.*, *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 415 (9th Cir. 2018).

**I.      There is Complete Diversity of Citizenship Between the Parties.**

13. The Complaint alleges that "Plaintiff is a retail mutual water company located at 5005 El Camino Real, Atascadero, California." (Compl. ¶ 11). Upon information and belief, and as reflected in publicly-available information on the website of the California Secretary of State, Plaintiff is a California corporation and has its principal place of business in California. Accordingly, on information and belief, Plaintiff is a citizen of California.

14. The Complaint alleges that 3M is a Delaware corporation with its principal place of business in Minnesota. (*Id.* ¶ 14). Accordingly, 3M is a citizen of Delaware and Minnesota.

15. The Complaint alleges that Defendant E. I. du Pont de Nemours and Company ("DuPont") is a Delaware corporation with its principal place of business in Delaware. (*Id.* ¶ 15). Accordingly, on information and belief, DuPont is a citizen of Delaware.

16. The Complaint alleges that Defendant Du Pont de Nemours Inc. ("New DuPont"), is a Delaware corporation with its principal place of business in Delaware. (*Id.* ¶ 16). On information and belief, New DuPont is a citizen of Delaware.

17. The Complaint alleges that Defendant Corteva, Inc. ("Corteva") is a Delaware corporation with its principal place of business in Delaware. (*Id.* ¶ 17). Accordingly, on information and belief, Corteva is a citizen of Delaware.

18. The Complaint alleges that The Chemours Company ("Chemours") is a Delaware corporation with its principal place of business in Delaware. (*Id.* ¶ 18). Accordingly, on information and belief, Chemours is a citizen of Delaware.

19. As noted above (at 2 n.1), although The Chemours Company FC, LLC is not identified in the complaint's caption as a defendant, the Complaint alleges in paragraph 19 that "Defendant THE CHEMOURS COMPANY FC, LLC is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 1007 Market Street, Wilmington, Delaware." On information and belief, The Chemours Company FC, LLC is a limited liability company and thus has the same citizenship as its members.[2] On information and belief, the sole member of The Chemours Company FC, LLC, is Defendant The Chemours Company, which is a citizen of Delaware. *See supra* ¶ 18. On information and belief, The Chemours Company FC, LLC is a citizen of Delaware.

20. Upon information and belief, none of the Doe Defendants have been substituted with any named Defendants or been served with process. For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1442(b)(1); *see also Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) ("The citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant."). Therefore, the citizenship of the Doe Defendants must be disregarded for purposes of diversity.

---

[2] An unincorporated business entity such as an LLC "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *see Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990). An LLC's or partnership's own state of organization and principal place of business thus are "irrelevant" for determining its citizenship. *E.g.*, *Great Am. E&S Ins. Co. v. Palmcrest House, LLC*, 2015 WL 13388247, at *1 n.1 (C.D. Cal. July 17, 2015).

21. Because Plaintiff is a citizen of the State of California and no named Defendant is a citizen of the State of California, complete diversity exists among the parties to this action.

**II.     The Amount in Controversy Requirement is Satisfied.**

22. The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied in this action. The amount in controversy in a case where federal jurisdiction is based on diversity of citizenship must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. As the Supreme Court has made clear, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *see also* 28 U.S.C. § 1446(c)(2) ("the notice of removal may assert the amount in controversy"). Although Plaintiff does not state a precise dollar amount in controversy, the allegations in the Complaint show that the damages sought exceed $75,000, exclusive of interest and costs.

23. The amount in controversy may include "damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016). While 3M denies that Plaintiff is entitled to any monetary or other relief, it is plain that the amount in controversy here is in excess of the jurisdictional minimum.

24. In this action, Plaintiff asserts fifteen separate counts against Defendants and seeks multiple forms of relief, the value of which easily exceeds the jurisdictional threshold. (*See supra* ¶ 7). In its Prayer For Relief (Compl. at 42-43), Plaintiff seeks the following:

    a.   An award of compensatory damages;

    b.   An award of "the value of Plaintiff's property for the time of the wrongful occupation, the reasonable costs of repair or restoration of all of Plaintiff's

property to its original condition, costs associated with recovering the possession, any benefits or profits obtained by Defendants, and all other damages and remedies allowable" under Cal. Civ. Code § 3334;

  c. An award of exemplary and punitive damages;

  d. An order "declaring that Defendants' actions constitute a nuisance and requiring Defendants to take such action as is necessary to abate the public nuisance, to take such action as is necessary to ensure that the PFAS that contaminate Plaintiff's water systems do not present a risk to the public, and to award damages to Plaintiff causes by the nuisance";

  e. An order "declaring that Defendants are financially responsible for abating actual or threatened pollution or PFAS contamination in Atascadero, including within Plaintiff's contaminated wells"; and

  f. Costs, attorneys' fees, and prejudgment interest.

  g. On top of that, as noted above, Plaintiff specifically pleads a count for treble damages for waste under Cal. Code Civ. P. § 732. (*Id.* ¶¶ 297–300).

  25. Given the relief sought by Plaintiff, and the substantive allegations of the Complaint, it is plain that the amount in controversy exceeds the $75,000 jurisdictional minimum. According to the Complaint, Plaintiff owns and operates a system serving over 30,000 residents and businesses, which includes 17 active groundwater wells, 8 booster stations, 5 treatment buildings, 20 pressure-reducing stations, and more than 10,000 customer service connections, 1,900 valves, and 1,700 fire hydrants. (Compl. ¶ 1). Plaintiff alleges that contamination of its property "has resulted and will result in significant costs, losses, and damages" (*id.* ¶ 3), including "losses, costs, and damages associated with the investigation, analysis, assessment, sampling, testing, monitoring, remediation, removal, reduction, control, treatment, and other responses to PFAS contamination" at Plaintiff's property, as well as costs "associated with notifications to consumers and the public, reporting, maintenance, system improvement, review and analysis of remedial steps,

implementation of remedial steps, and other efforts to respond to or address [the alleged] contamination" (*id.* ¶ 178). *See also*, *e.g.*, *id.* ¶ 240("AMWC has incurred and/or will continue to incur, substantial response costs to investigate the nature and scope of the contamination and to remediate the contamination. All such response costs have been and will be necessary to remediate the contamination of PFAS in Plaintiff's Affected Property."); *id.* ¶ 286 ("Plaintiff must take costly remedial action to remove PFAS contamination which will result in substantial costs, expenses and damages"); *id.* ¶¶ 179-80, 188-90, 199-201, 213-15, 222, 227, 230-31, 236-37. 240, 245-46, 254, 259, 261, 264, 268, 273-81, 287-88, 293-96, 302-04.

26. In light of the vast array of Plaintiff's claims and requested relief, including Plaintiff's claims for treble, exemplary, and punitive damages, Plaintiff's Complaint plainly places more than $75,000, exclusive of interest and costs, in controversy. *See Gonzales*, 840 F.3d at 648–49; *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) ("A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal.").

WHEREFORE, 3M hereby removes this action from the Superior Court of the State of California in and for the County of San Luis Obispo, to this Court.

Dated: November 10, 2021            MAYER BROWN LLP

By: */s/ Daniel D. Queen*
　　　Daniel D. Queen
*dqueen@mayerbrown.com*
350 South Grand Ave., 25th Floor
Los Angeles, CA 90071-1503
Telephone: (213) 229-9500

*Counsel for Defendant 3M Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 10, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF filing system which will send notification to the email addresses registered.

/s/ *Daniel D. Queen*
Daniel D. Queen
MAYER BROWN LLP

*Counsel for Defendant 3M Company*